UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YVES BLAISE and MARIE BLAISE,

                     Plaintiffs,

           -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, NASSAU COUNTY POLICE OFFICER
PATRICK M. MCGRATH, NASSAU COUNTY POLICE
OFFICER ERIC KAFKA, NASSAU COUNTY POLICE
OFFICER CHRISTOPHER MAHER, NASSAU
COUNTY POLICE OFFICER ROBERT SCHADE,
NASSAU COUNTY POLICE OFFICER PAUL
SIMONETTI, NASSAU COUNTY POLICE OFFICER
JACK BONNER, NASSAU COUNTY POLICE
OFFICER TRISTAN CETTO, NASSAU COUNTY
POLICE OFFICER CHRISTOPHER DUNKEL
and JOHN DOES 1-10 (DOE defendants representing
unidentified members of NASSAU COUNTY POLICE
DEPARTMENT present at time plaintiff was unlawfully
arrested),

                    Defendants.
------------------------------------------------------------------X

Civil Action No.: 2:25-cv-00511
(JMA)(ST)

**CONFIDENTIALITY
STIPULATION AND ORDER**

1.     This stipulation applies to all parties and their attorney's with respect to the production of documents that contain confidential information.

2.     It is, accordingly, hereby agreed and stipulated that:

     (a)     Counsel is defined to include attorneys for any party and all employees and agents and any person in the employ of said counsel necessary to assist in this litigation, including consultants and experts.

     (b)     Confidential document is defined to mean Nassau County Police Department personnel files, Nassau County Civil Service Commission files, Internal Affairs Reports, medical records, financial records, including but not limited to tax returns and/or any

1

LRK / #1921026v1 / 0050160 - 085541

document subsequently identified as such by a producing party or their counsel as being confidential unless the Court determines that the documents or any portion of the documents are not entitled to confidentiality.

(c)    Counsel will produce for inspection and use one copy of each confidential document to the other. Counsel and parties are prohibited from making their own copy of any confidential document or portions thereof given to them pursuant to this stipulation, except for; (1) use as an exhibit to a paper filed in this litigation under paragraph (h); (2) for internal working copies to be utilized by counsel; and (3) for use at depositions or trial.

(d)    All portions of each document disclosed consist of confidential material to be protected by this stipulation unless otherwise advised by counsel providing said documents.

(e)    Counsel will use the confidential documents and information contained therein solely for the purposes of this litigation, including depositions and trial, and shall not, without the prior written consent of the producing counsel, make the confidential documents or the information contained therein available to any other person.

(f)    Within one month after the production to counsel of the confidential documents, counsel shall return to producing counsel any documents that they believe they do not need for use in this litigation.

(g)    Within five days after the entry of a final judgment in this litigation (including appeals or petitions for review), counsel shall  return or destroy all confidential documents produced pursuant to this stipulation; except counsel will be entitled to keep a copy of all documents that were filed with the Court in connection with this litigation. Notice of such destruction shall be given to producing counsel immediately thereafter.

2

(h)     In the event that a party wishes to use a confidential document or any confidential information therein in any paper filed in this litigation, such paper (or part thereof containing the confidential document or confidential information) shall be filed under seal and maintained under seal by the Court.

(i)     Persons to whom confidential documents are made available under this stipulation are bound by the restrictions contained herein.

(j)     Nothing herein shall be deemed to permit the provision of confidential documents, or the disclosure of the contents of confidential documents, to any member of the press, media, print, broadcast, cable, satellite or internet; or to any person or entity purporting to be working in the public interest. It is understood that any such provision or disclosure is a violation of this Order, the First Amendment rights of the recipients notwithstanding.

(k)     In the event that a confidential document or any part thereof is read into the record at a deposition or quoted in a document generated in this litigation, the portion of said deposition or document containing the language from the confidential document shall also be confidential; and the underlying confidential document shall remain confidential notwithstanding that a portion of it was read into the record at a deposition or quoted in a document generated in this litigation.

(l)     It is further understood that this Stipulation is to be "so ordered" without further notice and may then be enforced as a court order, even after the entry of final judgment in this action. If this Stipulation is "so ordered," a copy will be furnished to counsel upon issuance of said order.

3

LRK / #1921026v1 / 0050160 - 085541

Dated: Hauppauge, New York
     March 17, 2026

LAPINTA, LESKO & MISKIEWICZ. P.C.

By: _____

ANTHONY M. LA PINTA
MICHAEL E. FEHRINGER
Attorneys for Plaintiff
200 Vanderbilt Motor Parkway Suite C-17
Hauppauge, New York 11788
mfehringer@lapintalesko.com
(631) 231-1199

Dated: Garden City, New York
     March 17, 2026

JASPAN SCHLESINGER NARENDRAN LLP

By: _____

LAUREL R. KRETZING
Attorneys for the County Defendants
300 Garden City Plaza, 5th Floor
Garden City, New York 11530
(516) 746-8000

So Ordered:_____

4